IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CAMELA HUGHES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-cv-02997-LKG |
| ) | |
| v. ) | Dated: June 6, 2024 |
| ) | |
| COSTCO WHOLESALE ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

In this civil action, Plaintiff, Camela Hughes, brings Maryland state law claims for negligence, premises liability-negligence, negligence *per se* and negligence *via res ipsa loquitur* against Defendant, Costco Wholesale Corporation. ECF No. 6. Defendant has moved to dismiss Counts III and IV of the complaint, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 4. The motion is fully briefed. ECF Nos. 4, 5, 13, 15. No hearing is necessary to resolve the motion. *See* L.R. 105.6. For the reasons that follow, the Court: (1) **GRANTS** the Defendant's partial motion to dismiss and (2) **DISMISSES** Counts III and IV of the complaint.

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

   **A.    Factual Background**

In this civil action, Plaintiff, Camela Hughes, alleges that Defendant engaged in negligent conduct, by failing to provide an adequately safe shopping environment at its place of business. ECF No. 6 at ¶ 9. Specifically, Plaintiff asserts the following four claims against Defendant in the complaint: (1) Negligence (Count I); (2) Premises Liability-Negligence (Count II); (3) Negligence *Per Se* (Count III); and (4) Negligence *via Res Ipsa Loquitur* (Count IV). *Id.* at ¶¶

---

[1] The facts recited in this memorandum opinion are derived from the complaint; the Defendant's partial motion to dismiss; and the memorandum in support thereof. ECF Nos. 4-6.

11–38. As relief, Plaintiff seeks, among other things, to recover monetary damages and attorneys' fees and costs from Defendant. *Id.* at 3, 4, 6, 7.

Plaintiff, Camela Hughes, was a resident of Adelphi, Maryland at all times relevant to this dispute. *Id.* at ¶ 1.

Defendant, Costco Wholesale Corporation, is a corporation that operates the Costco grocery store located at 10925 Baltimore Avenue in Beltsville, Maryland (the "Store"). *Id.* at ¶ 3.

As background, on September 2, 2021, Plaintiff shopped at the Store. *Id.* at ¶ 7. While shopping at the Store, Plaintiff utilized a four-to-five-foot plywood block to reach eggs that she intended to purchase. *Id.*

Plaintiff alleges that the plywood block was placed by Defendant specifically for business invitees to use to gain access to the eggs. *Id.* at ¶ 8. As Plaintiff stepped up to access the eggs, the plywood block slipped from her feet, resulting in Plaintiff falling forcefully to the ground and sustaining injuries. *Id.*

Plaintiff alleges that Defendant acted negligently, by failing to create safe access to items in the Store. *Id.* at ¶ 9. In this regard, Plaintiff also alleges that Defendant owed her a duty of care to create safe access to items in the Store and a duty to remedy unsafe and hazardous conditions. *Id.* In addition, Plaintiff alleges that Defendant knew, or should have known, of the dangerous condition at the Store, and that Defendant failed to remedy that condition. *Id.* at ¶¶ 9, 18. Plaintiff also alleges that she acted in a careful and prudent manner, without any negligence on her part contributing to the slip and fall. *Id.* at ¶ 10. Lastly, Plaintiff alleges that Defendant violated the International Property Maintenance Code, by placing a faulty plywood block for business invitees to utilize at the Store. *Id.* at ¶¶ 24, 25. And so, Plaintiff seeks to recover monetary damages and attorneys' fees and costs from Defendant. *Id.* at 3, 4, 6, 7.

**B.     Procedural History**

Plaintiff commenced this civil action in the Circuit Court of Prince George's County, Maryland on September 29, 2023. ECF No. 6. On November 2, 2023, Defendant removed the case to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446. ECF No. 1.

On November 2, 2023, Defendant filed a partial motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 4, 5. On February 7, 2024, Plaintiff filed a response in opposition to Defendant's motion to dismiss. ECF No. 13. Defendant filed a reply brief on February 14, 2024. ECF No. 15.

The Defendant's partial motion to dismiss having been fully briefed, the Court resolves the pending motion.

### III. LEGAL STANDARDS

#### A. Rule 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

#### B. Relevant Maryland Law

This Court has held that Maryland does not recognize negligence *per se* as an independent cause of action. *See Hanson v. Hanson*, 2020 WL 4734313, at *1-2 (D. Md. Aug. 14, 2020). Maryland courts have also held that "[i]t is a settled common law rule in Maryland that a violation of a relevant statute or ordinance may be evidence of negligence to be considered by the trier of fact, although such violation does not establish negligence . . . as a

3

matter of law." *Maurer v. Pa. Nat'l Mut. Cas. Ins. Co.*, 945 A.2d 629, 634 (Md. 2007) (quoting *Absolon v. Dollahite,* 831 A.2d 6, 9 (Md. 2003)); *see also Brooks v. Lewin Realty III, Inc.*, 835 A.2d 616, 620 (Md. 2003) (explaining that under Maryland common law the violation of a statute or ordinance is merely evidence of negligence); *Rivers v. Hagner Mgmt. Corp.*, 959 A.2d 110, 123 (Md. Ct. Spec. App. 2008) (citations omitted) (noting that Maryland, like a minority of states, "treat[s] the violation [of a statute] simply as evidence of negligence").

Under Maryland law, the doctrine of *res ipsa loquitur* relates to the burden of proof and sufficiency of evidence. *Blankenship v. Wagner*, 273 A.2d 412, 414 (Md. 1971); *see also Norris v. Ross Stores, Inc.*, 859 A.2d 266, 271 (Md. Ct. Spec. App. 2004) (noting that *res ipsa loquitur* is "merely a rule of evidence permitting an inference of negligence to arise"). In this regard, this Court has held that the doctrine of *res ipsa loquitur* allows a Plaintiff to use circumstantial evidence to establish a *prima facie* case of negligence. *Gillespie v. Ruby Tuesday, Inc.*, 861 F. Supp. 2d 637, 641 (D. Md. 2012). But the doctrine of *res ipsa loquitur* does not provide a separate claim apart from negligence. *See Siarkowski v. Petco Animal Supplies, Inc.*, Civil No. 15-0430, 2015 WL 6956522, at *1, *4 (D. Md. Nov. 3, 2015) ("the doctrine of *res ipsa loquitur* does not present a distinct cause of action separate from negligence"); *Blankenship*, 273 A.2d at 414 (quoting *Bohlen v. Glenn L. Martin Co.*, 67 A.2d 251, 254 (Md. 1949)) ("The doctrine of *res ipsa loquitur* is not a rule of pleading.").

## IV.   ANALYSIS

Defendant has moved to dismiss Counts III and IV of the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that negligence *per se* and negligence *via res ipsa loquitur* are not independent and legally cognizable causes of action under Maryland law. ECF No. 5. Plaintiff counters in her response in opposition to Defendants' motion that the Court should not dismiss these claims, because she alleges sufficient facts in the complaint to support the claims. ECF No. 13. And so, Plaintiff requests that the Court deny the Defendant's partial motion to dismiss. *Id*.

For the reasons that follow, Plaintiff fails to state plausible claims for negligence *per se* and negligence *via res ipsa loquitur,* because these claims are not independent and legally cognizable causes of action under Maryland law. And so, the Court: (1) **GRANTS** Defendant's motion and (2) **DISMISSES** Counts III and IV of the complaint.

### A. Plaintiff Fails To State A Claim For Negligence *Per Se*

As an initial matter, a careful reading of the complaint shows that Plaintiff fails to state a plausible claim for an independent cause of action for negligence *per se* in this case. In Count III of the complaint, Plaintiff asserts a claim for negligence *per se*. ECF No. 6 at 5. But, this Court has held that negligence *per se* is not an independent cause of action under Maryland law. *See Hanson v. Hanson*, 2020 WL 4734313, at *1-2 (D. Md. Aug. 14, 2020) ("violation of a statute . . . is merely evidence of negligence—not an independent claim for negligence *per se*."); see also *Maurer v. Pa. Nat'l Mut. Cas. Ins. Co.*, 945 A.2d 629, 634 (Md. 2007) (quoting *Absolon v. Dollahite,* 831 A.2d 6, 9 (Md. 2003) (utilizing negligence *per se* provides evidence of negligence but does not establish negligence "as a matter of law"). Given this, Plaintiff does not state a legally cognizable claim in Count III of the complaint. And so, the Court must GRANT Defendant's motion and DISMISS Count III of Plaintiff's complaint.

### B. Plaintiff Fails To State A Claim For Negligence *Via Res Ipsa Loquitur*

Plaintiff also fails to state a plausible claim for negligence *via res ipsa loquitur* in Count IV of the complaint. Maryland courts have long held that *res ipsa loquitur* is not an independent cause of action. *Norris v. Ross Stores, Inc.*, 859 A.2d 266, 271 (Md. Ct. Spec. App. 2004). Rather, this doctrine is "a rule of evidence permitting an inference of negligence to arise." *Id*. It is also well-established that *res ipsa loquitur* cannot be asserted separately from a negligence claim because it is merely a legal doctrine that concerns the sufficiency of evidence. *See Blankenship v. Wagner*, 273 A.2d 412, 414 (Md. 1971); *Siarkowski v. Petco Animal Supplies, Inc.*, Civil No. 15-0430, 2015 WL 6956522, at *1, *4 (D. Md. Nov. 3, 2015) ("the doctrine of res ipsa loquitur does not present a distinct cause of action separate from negligence"). Given this, Plaintiff improperly asserts a claim for negligence *via res ipsa loquitur* in Count IV of the complaint. And so, the Court must also DISMISS this claim pursuant to Fed. R. Civ. P. 12(b)(6).[2]

---

[2] Defendant filed its motion to dismiss on November 2, 2023, when this case was removed from The Circuit Court of Prince George's County, Maryland, and the Court issued the Case Management Order on November 11, 2023. ECF Nos. 4, 8. And so, Defendant's failure to file a notice of intent to file its motion to dismiss, as required by the Case Management Order, is excused by the Court.

## V. CONCLUSION

In sum, Plaintiff fails to state plausible claims for negligence *per se* and negligence *via res ipsa loquitur,* because these claims are not independent and legally cognizable causes of action under Maryland law. And so, for the foregoing reasons, the Court:

1. **GRANTS** the Defendant's partial motion to dismiss; and

2. **DISMISSES** Counts III and IV of the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

                                                s/Lydia Kay Griggsby
                                                LYDIA KAY GRIGGSBY
                                                United States District Judge